UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                Case No. 02-CR-80188
v.                                     HON. GEORGE CARAM STEEH

KEVIN NEAL,

        Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR
## ORDER MODIFYING ORDER OF RESTITUTION (DOC. # 64)

Before the court is defendant Kevin Neal's request for a court order modifying the order of restitution in this case. In his motion, Neal asserts that the district court must set the timing and amounts of restitution payments, and may not delegate that authority to the Bureau of Prisons. Neal specifically requests that the court "fashion a payment schedule that designate[s] a 'specific percentage' of Petitioners monthly prison earnings while incarcerated towards restitution obligation (sic)."

The court previously entered an order holding defendant's motion in abeyance pending some clarification from the government. The government has not responded and the court received further correspondence from defendant on October 9, 2008.

The court has reviewed the record in this matter and finds that there has been no improper delegation of authority to the Bureau of Prisons to establish a schedule of restitution. The law in the Sixth Circuit provides that a sentencing court must determine the schedule of restitution payments, and cannot delegate that responsibility to the probation department or the Bureau of Prisons. United States v. Davis, 306 F.3d 398 (6th Cir. 2002). At the original sentencing, this court expressly adopted the provisions of and payment

schedule set forth in the Inmate Financial Responsibility Program ("IFRP"). (Judgment, p. 7).

The IFRP provides that a financial plan is to be developed for each inmate by the Unit Team. The defendant must work with his Unit Team to alter his payment plan due to a change in his financial status, if that is indeed the situation. The only basis for this court to modify the amount or schedule of restitution payments is "as the interests of justice require." 18 U.S.C. § 3664(k). From the evidence before the court, the interests of justice do not require the involvement of the court in this matter. Defendant is advised to seek help administratively, or directly through his Unit Team, to make any necessary alterations to his payment plan. Now, therefore,

Defendant's motion for order modifying order of restitution is DENIED.

IT IS SO ORDERED.


Dated: December 23, 2008         S/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 23, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk